


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH RICKER                                                        PLAINTIFF

VS.                                CASE NO.: 3:09CV004-D-A

RAY SOCKWELL, JR., INDIVIDUALLY
and IN HIS OFFICIAL CAPACITY AS
A POLICE OFFICER OF THE CITY OF
OXFORD, MISSISSIPPI; SEAN EYLAR,
INDIVIDUALLY and IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER OF
THE CITY OF OXFORD, MISSISSIPPI
and THE CITY OF OXFORD, MISSISSIPPI                          DEFENDANTS

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW the Plaintiff, Joseph Ricker, and for cause of action against the Defendants shows as follows:

1.     The Plaintiff, Joseph Ricker (hereafter "Ricker") is an adult resident citizen of the County of Cumberland, State of Maine.

2.     The Defendant, Ray Sockwell, Jr. is an adult resident citizen of Lafayette County, Mississippi, who was at all times pertinent to the matters raised in this Complaint a police officer of the City of Oxford, Mississippi. Defendant Sockwell, in his official capacity, may be served with process c/o Richard Howorth, Mayor; Oxford City Hall; Oxford, Mississippi 38655 and individually may be served with process at his residence at 140 Highway 331; Oxford, Mississippi 38655 or at the Oxford Police Department.

3. The Defendant, Sean Eylar, is an adult resident citizen of Lafayette County, Mississippi, who at all times pertinent to the matters raised in this Complaint a police officer of the City of Oxford, Mississippi. Defendant Eylar, in his official capacity, may be served with process c/o Richard Howorth, Mayor; Oxford City Hall; Oxford, Mississippi 38655 and individually may be served with process at his residence at 185 County Road 445, Oxford Mississippi 38655, or at the Oxford Police Department.

4. The Defendant, City of Oxford, Mississippi (hereafter "City") is a political subdivision of the State of Mississippi and may be served with process upon its Mayor, Richard Howorth, at Oxford City Hall, Oxford, Mississippi.

5. This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4).

6. Defendants Sockwell and Eylar, were at all times pertinent to the issues in this case acting as employees of the City of Oxford, Mississippi, that is City of Oxford Police Officers.

7. Defendants Sockwell and Eylar, and the City of Oxford were at all relevant times acting under the color of law.

8. On or about May 1, 2007, the Plaintiff was in the living room of his home in Oxford, Mississippi, where he resided at that time. At approximately two (2) a.m. the Defendant Sockwell approached the front door of Plaintiff's home and knocked on the door demanding "open up, police". At the point in time the Defendant Sockwell approached Plaintiff's door and made such demand, Defendant Sockwell had no judicially issued warrant for entry onto or into Plaintiff's property; Defendant Sockwell had no judicially issued warrant for the arrest of Plaintiff or any individual at Plaintiff's residence, and Defendant Sockwell had not seen Plaintiff commit any criminal offense,

and was not in any hot pursuit of the Plaintiff or any other individual on Plaintiff's residential property. Defendant Sockwell had no legal right to be on Plaintiff's property and no legal right to demand that Plaintiff "open his door".

9. Plaintiff, without opening his front door, asked Defendant Sockwell if he had a warrant, to which Defendant Sockwell replied he did not need a warrant and to "open the fucking door". The Plaintiff replied, through his closed door, that without a warrant Plaintiff would not open the door. The Defendant Sockwell then announced to the Plaintiff, through the closed front door, that the Plaintiff was under arrest for refusing to open his door pursuant to the Defendant's command.

10. The two defendants then forced their way into the Plaintiff's residence and instructed the Plaintiff to turn around and place his hands behind his back that he was "going to jail". When Plaintiff demanded to know what he had done to justify his loss of liberty, the Defendant Sockwell instructed Defendant Eylar to "shoot him", whereupon the Defendant Eylar discharged a TAZER gun at the Plaintiff, sticking the Plaintiff in the chest with probes carrying at least fifty thousand (50,000) volts of electricity. The Plaintiff was knocked to the floor where he spasmed violently, completely incapacitated and disoriented. One of the electrical probes of the TAZER gun was lodged in the Plaintiff's chest. Plaintiff submits that while he was spasming on the floor with the probe lodged in his chest, Defendant Eylar continued to tazer him.

11. Plaintiff was handcuffed, arrested for disorderly conduct and resisting arrest in his own living room and taken into custody, placed into a locked police squad car with no exit, taken to the Baptist Memorial Hospital for medical treatment, then taken to jail, where his liberty was deprived and he was held against his will.

12. The Plaintiff resisted the unfounded criminal charges against him and on June 30, 2008, he was found not guilty of all charges by the Circuit Court of Lafayette County, Mississippi.

### First Claim for Relief

13. The above-described actions were taken in violation of the rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

14. Defendant City of Oxford, Mississippi was grossly negligent in training and supervising Defendants Sockwell and Eylar with respect to the proper exercise of their police powers in a manner consistent with the Fourth and Fourteenth Amendments to the United States Constitution.

15. The negligence of the Defendant City of Oxford, Mississippi in the aforesaid respects was so gross as to constitute deliberate indifference to the rights of the Plaintiff and other persons within the jurisdiction of the Defendant City of Oxford, Mississippi.

16. Defendant City of Oxford, Mississippi, and its managers, superiors, agents, and employees knew or should have known that Defendants Sockwell and Eylar, during the course of their employment as police officers, had acted in violation of the rights of persons secured by the Fourth and Fourteenth Amendments to the United States Constitution, but did nothing to prevent future violations or cure past violations.

17. The negligence of the Defendant City of Oxford, Mississippi in the aforesaid respects was so gross as to constitute deliberate indifference to the rights of the Plaintiff and other persons within the jurisdiction of the Defendant City of Oxford, Mississippi.

18. As a proximate result of said actions, the Plaintiff was deprived of his liberty and was subjected to severe and painful injury at the time of his arrest, and in addition suffered mental and

physical anguish, anxiety and embarrassment, and has incurred medical bills for the treatment of both his physical and mental injuries, and legal bills to resist unfounded criminal charges.

19. By virtue of the foregoing, the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983.

20. The aforesaid conduct of the Defendants was motivated by evil motive or intent and involved deliberate, reckless and callous indifference to the federally protected rights of the Plaintiff and others.

## Second Claim for Relief

21. Plaintiff hereby realleges and incorporates herein all of the allegations contained in paragraphs 1 - 20 herein.

22. The above-described actions were taken in violation of the rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

23. At all relevant times, the Plaintiff had a right to be secure in his home from searches and seizures conducted without a warrant. This right was clear and well-established at the time of the incidents alleged herein.

24. Defendants Sockwell and Eylar did enter the Plaintiff's home and affect the arrest of the Plaintiff without a search warrant and without an arrest warrant.

25. As a proximate result of said actions, the Plaintiff was deprived of his liberty and was subjected to severe and painful injury at the time of his arrest, and in addition suffered mental and physical anguish, anxiety and embarrassment, and has incurred medical bills for the treatment of both his physical and mental injuries, and legal bills in resisting unfounded criminal charges.

26. By virtue of the foregoing, the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. § 1983.

27. The aforesaid conduct of the Defendants was motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of the Plaintiff and others.

### Third Claim for Relief

28. The Plaintiff hereby realleges and incorporates herein all of the allegations contained in paragraphs 1-27 herein.

29. Defendants Sockwell and Eylar intended to confine the Plaintiff and did confine the Plaintiff.

30. The Plaintiff was conscious of such confinement.

31. Said confinement was not otherwise privileged.

32. The Plaintiff did not commit any criminal offense and the Defendants did not have any reasonable cause for believing that the Plaintiff had committed any criminal offense.

33. The aforesaid actions of Defendants Sockwell and Eylar constitute false arrest, false imprisonment, and intentional infliction of emotional distress under the laws of the State of Mississippi.

34. As a proximate result of said actions, the Plaintiff was deprived of his liberty and was subjected to severe and painful injury at the time of his arrest, and in addition suffered mental and physical anguish, anxiety and embarrassment, and has incurred medical bills for the treatment of both his physical and mental injuries, and incurred legal bills in resisting unfounded criminal charges.

## Fourth Claim for Relief

35. Plaintiff hereby realleges and incorporates herein all of the allegations contained in paragraphs 1 - 34 herein.

36. On May 1, 2007, Defendants, and all of them, falsely, maliciously, and without probable cause, caused criminal charges to be filed against Plaintiff, in which the Defendants charged the Plaintiff with the crimes of Disorderly Conduct (97-35-7) and Resisting Arrest (97-9-73).

37. On June 30, 2008, the Plaintiff was acquitted on both charges by the Circuit Court of Lafayette County, Mississippi.

38. The criminal prosecution of the Plaintiff was initiated and pursued by defendants maliciously and without any probable cause to believe the Plaintiff was guilty of the crimes charged or of any other crime in that Defendants Sockwell and Eylar could not have believed that their demand to enter the Plaintiff's home, after he had denied the permission to enter, was a lawful order. Therefore, the Plaintiff could not have been disobeying a lawful order of an officer, nor could the defendants, Sockwell and Eylar, have believed that Plaintiff's refusal to open his front door in response to their command constituted a criminal offense.

39. As a proximate result of the Defendants' charge and the Plaintiff's subsequent arrest and prosecution, the Plaintiff was subjected to severe and painful injury at the time of his arrest, and in addition suffered mental and physical anguish, anxiety and embarrassment, and has incurred medical bills for the treatment of both his physical and mental injuries, was subjected to public ridicule, and was humiliated and inconvenienced. The Plaintiff was further damaged in reputation and credit, and he was forced to incur legal bills to resist unfounded criminal charges.

## Fifth Claim for Relief

40. The Plaintiff hereby realleges and incorporates all of the allegations contained in paragraphs 1-39 herein.

41. The above described actions were taken in violation of the rights secured to the Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. These involve, but are not limited to the right to be free from the excessive use of force, the right to be free from deprivation of liberty, and the right to be free from summary punishment, occurring without the due process of law.

42. At all relevant times the Plaintiff had the right to be free from excessive force. This right was clear and well established at the time of the incidents complained of herein and above.

43. Defendant Sockwell's order and Defendant Eylar's execution of the order discharging an electrocution weapon into the Plaintiff's sternum packing at least fifty thousand (50,000) volts of electricity constituted excessive and completely unnecessary force against the Plaintiff in violation of the rights secured to the Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

44. At all times pertinent herein all defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard, of the constitutional rights secured to the Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

45. Plaintiff further alleges that the acts and failures to act described herein were the proximate cause and cause in fact of injuries suffered by the Plaintiff.

46. The Plaintiff further alleges that at all times pertinent herein the Defendants herein were acting under the color of law, and that the individual defendants have violated their duties to protect the rights of individual members of the public, and all defendants are jointly and severally liable for the wrongs complained of by the Plaintiff.

47. By virtue of all of the foregoing, the Defendants are liable to the Plaintiff pursuant to 42 U.S.C. 1983. The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the pain, suffering, physical, emotional, and psychological injuries to the Plaintiff as well as his loss of liberty, and his malicious and illegal prosecution, all in violation of his rights secured to him through the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

48. As a further result of the Defendants' unfounded criminal charge against the Plaintiff and his arrest and prosecution, the Plaintiff was compelled to incur reasonable and necessary attorney's fees.

49. As described above, the Defendants acted maliciously and with intent to injure the Plaintiff. Therefore, the Plaintiff is entitled to punitive damages.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and demands from Defendants City of Oxford, Mississippi, Ray Sockwell, Jr., and Sean Eylar jointly and severally, actual, compensatory, consequential, and incidental damages in an amount in excess of the minimum jurisdictional limits of this Court, all expenses, costs, and attorney fees, plus pre-judgment and post-judgment interest calculated at the legal rate, and such other relief as the Court and the jury

deem just, including punitive damages. Plaintiff reserves the right to amend this Complaint in conformance with the evidence.

Dates this the 8th day of January, 2009.

RESPECTFULLY SUBMITTED,

JOSEPH RICKER, PLAINTIFF

BY: DAVID G. HILL, MS Bar No. 2444
HILL & MINYARD, P.A.
Post Office Box 429
Oxford, MS 38655
(662) 234-4315

T. KILPATRICK, MS Bar No. 101826
THE KILPATRICK FIRM, PLLC
1124 N. Lamar Blvd.
Oxford, MS 38655
(662) 236-2007