## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

JOSEPH RICKER                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO.: 3:09CV4(GHD)(SAA)

RAY SOCKWELL, JR.,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A POLICE
OFFICER OF THE CITY OF OXFORD,
MISSISSIPPI; SEAN EYLAR,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS A POLICE
OFFICER OF THE CITY OF OXFORD,
MISSISSIPPI AND THE CITY OF
OXFORD, MISSISSIPPI                         DEFENDANTS

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

      **COME NOW** Defendants, Ray Sockwell, Jr., Sean Eylar and the City of Oxford, Mississippi, by and through their attorneys of record, and respectfully Answer or otherwise respond to Plaintiff's Complaint and would show as follows:

### FIRST AFFIRMATIVE DEFENSE

      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

      Defendants plead all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

      Punitive damages cannot be assessed against Defendant, City of Oxford, Mississippi.

## FOURTH AFFIRMATIVE DEFENSE

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the 6th Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions, of the United States Constitution in Article III., Section 14 and other provisions of the Constitution of the State of Mississippi.

## FIFTH AFFIRMATIVE DEFENSE

Defendants Ray Sockwell, Jr. and Sean Eylar are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiff's alleged injuries were not the result of the operation of a municipal policy or custom of the City of Oxford, Mississippi. Therefore, the City of Oxford, Mississippi, and Defendants Ray Sockwell, Jr. and Sean Eylar, in their official capacities, cannot be held liable for damages pursuant to 42 U.S.C. § 1983.

## ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows:

Defendants admit that Plaintiff has filed the instant Complaint but deny there is any basis to Plaintiff's claims against Defendants and deny any and all remaining allegations contained in the un-numbered Paragraph of the Complaint beginning with "COMES NOW" and ending with "as follows".

1. Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 1 of the Complaint, and accordingly, deny same.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff has filed the instant Complaint pursuant to federal statutes but deny there is any basis to Plaintiff's allegations and deny any and all remaining allegations contained in the first sentence of Paragraph 5 of the Complaint. Defendants admit this Court has jurisdiction over this matter but deny there is any basis to Plaintiff's allegations and deny any and all remaining allegations contained in the second sentence of Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants are without information sufficient to permit them to admit or deny the allegations contained in the first sentence of Paragraph 8 of the Complaint, and accordingly deny same. Defendants deny the allegations contained in the second sentence of Paragraph 8 of the Complaint. Defendants admit that prior to approaching the door of Plaintiff's residence, Defendant Sockwell was not in possession of a warrant, had not seen Plaintiff commit a crime and was not in hot pursuit of Plaintiff or any other individual, but deny any remaining allegations contained in the third sentence of Paragraph 8 of the Complaint. Defendants deny the allegations contained in the fourth sentence of Paragraph 8 of the Complaint.

9. Defendants are without information sufficient to permit them to admit or deny the allegations contained in the first sentence of Paragraph 9 of the Complaint, and accordingly deny same. Defendants deny the allegations contained in the second sentence of Paragraph 9 of the Complaint. Defendants admit the allegations contained in the third sentence of Paragraph 9 of the Complaint.

10. Defendants admit Plaintiff was shot in the chest with electricity bearing probes from a Tazer unit by Defendant Eylar at the instruction of Defendant Sockwell, that Plaintiff fell to the floor and that one of the Tazer probes was lodged in Plaintiff's chest. Defendants deny all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit Plaintiff was arrested for disorderly conduct and resisting arrest, handcuffed and taken into custody, and transported in a patrol car to Baptist Memorial Hospital for treatment and then taken to jail. Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit Plaintiff was found not guilty of the charges by the Circuit Court of Lafayette County, Mississippi, but deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants The allegations in Paragraph 13 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 12 of the Complaint are denied.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

JO.99400749.1

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

21. Defendants repeat the responses to the foregoing Paragraphs as though fully set forth herein in response to Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations in Paragraph 23 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 23 of the Complaint are denied.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants repeat the responses to the foregoing Paragraphs as though fully set forth herein in response to Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 30 of the Complaint, and accordingly, deny same.

31. The allegations in Paragraph 31 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations in Paragraph 32 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations in Paragraph 33 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 33 of the Complaint are denied.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants repeat the responses to the foregoing Paragraphs as though fully set forth herein in response to Paragraph 35 of the Complaint.

36. Defendants admit Plaintiff that on May 1, 2007, Plaintiff was charged with disorderly conduct and resisting arrest but deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants repeat the responses to the foregoing Paragraphs as though fully set forth herein in response to Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations in Paragraph 42 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations in Paragraph 43 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations in Paragraph 44 of the Complaint contain purported statements of law to which no response is required. To the extent any response is required, the allegations contained in Paragraph 44 of the Complaint are denied.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny all of the allegations in the un-numbered Paragraph of the Complaint beginning with "Wherefore, Premises Considered" and ending with "conformance with the evidence" and further deny that Plaintiff is entitled to relief of any type. un-numbered Paragraph and accordingly, deny same.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award Defendants costs, expenses and attorneys' fees.

Respectfully submitted,

**PHELPS DUNBAR, LLP**


BY:  */s/Mark Fijman*
Gary E. Friedman MB# 5532
Mark Fijman, MB #99153
111 East Capitol Street • Suite 600
Jackson, Mississippi  39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: friedmag@phelps.com
fijmanm@phelps.com

**ATTORNEYS FOR DEFENDANTS RAY SOCKWELL, JR., SEAN EYLAR AND CITY OF OXFORD, MISSISSIPPI**

- 9 -

**CERTIFICATE OF SERVICE**

I, MARK FIJMAN, do hereby certify that I have this day filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    David G. Hill
    Hill & Minyard, P.A.
    Post Office Box 429
    Oxford, Mississippi  38655
    662.234.4315
    dhill@hmlf.net

    T. Kilpatrick
    The Kilpatrick Firm, PLLC
    1124 N. Lamar Avenue
    Oxford, Mississippi  38655
    662.236.2007
    Kilpatrick@thekilpatrickfirm.com

***ATTORNEYS FOR PLAINTIFF***

THIS, the 9th day of March 2009.

                                          */s/ Mark Fijman*
                                          MARK FIJMAN